UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 10-20207

RICHARD FABIAN,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

After pleading guilty to possession of child pornography, 18 U.S.C. § 2252(A)(a)(5)(B), Defendant Richard Fabian was sentenced to 60 months incarceration followed by a life term of supervised release. (ECF No. 24.) Defendant has moved for termination of the latter. (ECF No. 30.) The government has filed a response, opposing Defendant's request. (ECF No.31.) For the reasons stated below, the court does not find that termination is warranted and will deny Defendant's motion.

### I.  STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1).  In determining whether a termination is warranted, the court considers the factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances and the history and characteristics of the defendant. *See* 18 U.S.C § 3583(e)(1) (directing the court to "consider[] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and

(a)(7)"). Nonetheless, "a court considering whether to terminate an individual's term of supervised release before the expiration of the term need not recite any 'magic words.'" *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)

## II.  DISCUSSION

In support of his motion, Defendant cites his continued treatment and compliance with the terms of his supervision, describes his desire to travel to Canada with his wife, and offers psychologists' opinions that he is at a low risk to reoffend. (ECF No. 31.) The Government opposes Defendant's request, pointing to the serious nature and circumstances of Defendant's offenses. (ECF No. 31, PageID.314-15.) While agreeing that Defendant has not committed any supervised release violations, the Government takes the position that Defendant has not engaged in any "exceptionally good" behavior warranting termination of supervised release, and doing so is not in the interest of justice. (*Id.*, PageID.316-17.)

Having considered Defendant's motion under § 3583(e)(1) and the factors listed in § 3553(a), the court is not persuaded that termination is appropriate at this time. Defendant's conduct was egregious. He exploited, sexually assaulted, as well as produced, maintained, and spread sexually abusive images and videos of children. The damages to his victims are immeasurable. Termination of Defendant's supervised release does not reflect the serious nature of the offenses; instead, it would minimize the total sentence imposed by the court, disserve the purpose of protecting the public, and fail to afford adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

Defendant generically indicates that his inability to enter Canada "causes hardship on his family," but provides no explanation as to how or what is the difference

2

between now and the last many years. The court need not consider Defendant's blanket assertion. To the contrary, the court finds that continued monitoring (under the least restrictive type of supervised release) has aided Defendant's rehabilitative efforts. "Prematurely removing the support and oversight that has help him advance his rehabilitation would not serve his best interests and would increase the risk of recidivism and future danger to the community." *McWhorter v. United States*, No. 1:11 CR 485-001, 2022 WL 16798442, at *1 (N.D. Ohio Nov. 8, 2022).

The court commends Defendant for the progress he has made since his release. However, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not [by itself] warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

### III. CONCLUSION

Defendant has not shown that termination of supervised release is warranted by his conduct or in the interests of justice. Accordingly,

IT IS ORDERED that Defendant's motion for early termination of supervise release (ECF No. 30) is DENIED.

                                                    s/Robert H. Cleland      /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 4, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner   /
Case Manager and Deputy Clerk
(810) 292-6522

Z:\Cleland\NTH\Criminal\15-20645.IQBAL.TerminateSupervisedRelease.NTH.docx